## SUPREME COURT—IN EQUITY.

### OCTOBER TERM—1876.

*Harris and Judd, J. J.*

---

AHUNA AND ALONA *vs.* J. M. KAUAHIKAUA ET AL.

WHERE it is doubtful if the remedy by law in damages for non-performance of contract will give adequate compensation, the plaintiff may elect to proceed by equity for specific performance.

OPINION BY HARRIS, J.

The bill was filed June 13th, 1876, setting forth that the plaintiffs had purchased from the defendants on the 27th day of May, 1876, all their growing crop of rice at $1.95 per 100 pounds—$300 to be paid on the 1st day of July which was

Ahuna and Alona *v.* J. M. Kauahikaua et al.

previous to the harvesting of the crop, and the balance to be paid in five months from the same day; and the bill further alleges that it was then and there agreed that a more formal agreement should be drawn up to be signed by the parties, and that such an agreement was drawn and offered to defendants June 7th, and that they refused to sign it, giving as a reason that the rice had risen in value. The bill further alleges that in consequence of the contract the plaintiffs had agreed to deliver the same rice for a profit of $400 or thereabouts; that the plaintiffs will lose that sum, and be liable for damages on their own contract to deliver, and that they are liable to irreparable loss, unless a specific performance is enforced; and further that the defendants are about to dispose of the rice, and are unable to respond to the damages which the plaintiffs are liable to be subjected to, and prays an injunction against the sale, and that the defendants be required to deliver the said crop of rice.

The plaintiffs bring into Court the $300 in money, and offer to have executed any obligation securing the payment of the amount which may be found due when the rice shall be harvested, and the weight ascertained.

To this bill defendants demurred alleging want of equity jurisdiction, and upon the demurrer being overruled, no exception was taken, and answer was made, in which there was no further exception taken to the jurisdiction. But the defendants say that the reason of refusing to deliver was not the advance in rice, but because that one of the defendants had had a previous transaction with one of the plaintiffs, and had been kept out of his money a year; that the defendants had written the letter, but expected the plaintiffs would comply with the terms of the offer contained in the letter, before a binding contract should be effected.

There was no appeal taken from the decision overruling the demurrer, nor was the question of jurisdiction raised again in the answer, but as it has been made a point in the appeal, we will consider it.

Ahuna and Alona *v.* J. M. Kauahikaua et al.

It is said that the complainants will have an ample remedy at law. This case differs essentially from a bargain to deliver 50,000 pounds of rice. If it is a contract at all, it is a contract to deliver the whole of a certain crop, whether it be more or less. The plaintiffs have no means of ascertaining either the quantity or quality until it shall have been harvested. But they learn that the defendants will not deliver it, and have good reason to believe that they intend to deliver it to some one else; they, therefore, pray for an injunction to forbid their delivering it to others. They had no means of knowing what the price would be at the time of delivery, and, relying on the contract, have re-contracted to deliver it to another, and had no means of ascertaining what they would be obliged to pay for non-compliance with their own contract to deliver, and therefore claim the specific fulfillment of their contract. "It is against conscience that a party should have the right of election whether he shall perform his covenant or only pay damages for the breach of it. But there is no reasonable objection to allow the party who is to be injured by the breach to have an election either to take damages at law or to have a specific performance in equity. The remedies are concurrent, but not co-extensive with each other. The question is therefore of the convenience of leaving the party to his remedy in damages at law where that will give him a full and clear compensation," (Story's Equity Jurisprudence, p. 717). If therefore there is any doubt whether plaintiffs would have an adequate remedy at law, there can be no reason why the defendants should not be required in equity to perform their contract.

These plaintiffs have shown, as is set forth above, very good reason to believe that they would not have an adequate remedy, certainly at the time of commencing these proceedings, and that, too, exclusive of their averment that the defendants would be pecuniarily unable to respond in damages, if this crop of rice should become unavailable, as it

Ahuna and Alona *v.* J. M. Kauahikaua et al.

probably would be before a final judgment could be reached, unless they are restrained by injunction from disposing of it. It will be observed in passing that, in this case, the injunction and the necessity of it involves the whole merits of the case, and therefore would dispose of the question of jurisdiction effectually.    The respondents can have no reason to complain of being required to keep their contract.    Since in their answer they aver that, in their refusal, they are not actuated by the desire to obtain a higher price for their rice, but by a fear that they would not get the money for it, which fear is based on some previous transaction with one of the plaintiffs; now by the tenders by the bill, and in open Court as well as by the decree, they were rendered absolutely secure of their money.

The fact is that the answer is not in good faith in this respect, for if it were, on being secured beyond question, they would cease to object to the performance of their contract.    By their answer they admit that they declined to take the guarantee of Messrs. Chulan & Co., a well known and most responsible firm, without suggesting any other, and they moreover knew of the previous transaction with the plaintiffs as well on the day of accepting their offer as on the day when they averred that they would not deliver, and rice had, in fact, advanced in the meantime.

But the respondents say that they did not contract, but only agreed that they would contract, and when the contract was sent to them, the terms were varied.    Their letter of May 27th, in the Hawaiian language translated, reads as follows:

"AHUNA,—Our rice is sold to you and Alona, at the price of $1.95 per 100 pounds, $300 to be paid in advance, the balance at five months.    Do you write a covenant for the rice, binding the names of Alona and your own; write first your name, and if we see that the paper is not written properly, we shall refuse it.    The five months covenanted shall

begin on the 1st day of July, and the aforesaid $300 to be paid in advance on the first day of July of the present year.

We the company whose names appear below,

| | | |
|---|---|---|
| (Signed) | J. M. KAUAHIKAUA, | Chinese |
| (Signed) | S. KAAIMANU, | characters |

Certainly this shows an offer and the complete acceptance of it. The whole rice is sold for an agreed price 'and terms; it requires no other names than the plaintiffs; it tells them to write a paper binding themselves. It does not require any surety, or any agreement to be signed by both parties, and merely says that if the paper is wrongly written they will not accept it, which is the same thing as one agreeing to buy a house, and the seller to make a deed, which the buyer reserves the right to refuse, if it shall not be well drawn. Wherein does this fail of completeness of a contract? Not at all; and if they did not like the form of plaintiffs' reply (agreement) forwarded in obedience to this letter, it was their duty to point out what fault they found with it.

The paper that was sent is in the form of a mutual agreement, which was certainly unnecessary, and indicates mis-, apprehension of the requirement of the letter, but at the same time is none the worse for defendants. It reads as follows:

"J. M. Kauahikaua and S. Kaaimanu, and Leyonu, of Puheemiki, Island of Oahu, H. I., agree to sell and deliver to Ahuna and Alona, of Oahu, aforesaid, 50,000 pounds more or less of good, clear, merchantable paddy, being the growing crop about to be harvested, on or before the 1st day of August, A. D. 1876. And the said Ahuna and Alona agree to pay for the said paddy one dollar and ninety-five cents ($1.95) per hundred pounds; $300 to be paid in cash on the 1st day of July, 1876, and the balance to be paid five months from first payment, the said Ahuna and Alona giving a note

for said balance, after the amount shall have been ascertained, by the delivery of said paddy.

"Done at ......... this ......... day of June, A. D. 1876.

"Witness ———"

One of the variations indicated by counsel is that 50,000 pounds is mentioned in this agreement and is not in the letter. But it says "more or less" being the growing crop, and is in fact no different than if it had said "the growing crop estimated at 50,000 pounds." The other variation is "good, clean, merchantable paddy," which words are not in the letter. These words are mercantile phrases, and in this case mean nothing further than that the paddy is to be well thrashed out and winnowed, or in other words they are to pay for paddy and not rice, straw or chaff, and if defendant did not like the words he might easily strike them out.

Then the letter of May 27th constitutes the agreement, the full and unequivocal acceptance of an offer previously made. The contract was then complete, and all the defendants required by their letter was the written statement of the plaintiffs as a memorandum for themselves of the contract of which the letter would serve ' s a memorandum for plaintiffs.

There is no reason why th defendants should not perform the contract thus clearly, de. berately and effectually entered into, and accordingly the decree below is affirmed.

W. C. Jones and R. F. Bickerton for plaintiffs.

E. Preston and A. S. Hartwell for defendants appellant.

Honolulu, November 6th, 1876.